**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Teamsters Local Union No. 727** | : | |
| **Pension Fund, by and through its** | : | |
| **Board of Trustees, Michael DeGard,** | : | |
| **John T. Coli, Jr., Stephanie Brinson,** | : | |
| **Nicholas Micaletti, John McCarthy,** | : | |
| **Gregory T. Youmans, Carl S. Tominberg,** | : | |
| **and Robert Sheehy,** | : | **Case No.** |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727** | : | |
| **Health & Welfare Fund, by and through its** | : | |
| **Board of Trustees, John T. Coli, Jr.,** | : | |
| **Stephanie Brinson, Michael DeGard,** | : | |
| **John McCarthy, Gregory T. Youmans,** | : | |
| **Carl S. Tominberg, and Robert Sheehy,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727 Legal** | : | |
| **& Educational Assistance Fund,** | : | |
| **by and through its Board of Trustees,** | : | |
| **John T. Coli, Jr., Stephanie Brinson,** | : | |
| **Michael DeGard, Nicholas Micaletti,** | : | |
| **John McCarthy, Gregory T. Youmans,** | : | |
| **Carl S. Tominberg, and Robert Sheehy,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Evanston Funeral & Cremation, Inc.** | : | |
| | : | |
| **Defendant.** | : | |

**<u>COMPLAINT</u>**

**<u>INTRODUCTION</u>**

Plaintiffs, Teamsters Local Union No. 727 Pension Fund, Teamsters Local Union No. 727 Health & Welfare Fund and Teamsters Local Union No. 727 Legal & Educational Assistance Fund (hereinafter collectively "the Funds"), by and through the Funds' respective Boards of Trustees, bring this action against Defendant Evanston Funeral & Cremation, Inc. pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order (1) directing the Defendant to pay delinquent contributions found to be owed through a payroll audit, interest, and liquidated damages, audit fees, and attorneys' fees and costs; (2) interest and liquidated damages on late-paid contributions under federal common law, plus attorneys' fees; (3) contributions that may become due and owing during the pendency of this action plus interest; and (4) any other amounts permitted by law.

## JURISDICTION AND VENUE

1.      Plaintiffs invoke the jurisdiction of this Court pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2) and 1145; and 28 U.S.C. §1331 (federal question).

2.      Plaintiffs and the Defendant in this action are located in Cook County therefore jurisdiction in the U.S. District Court for the Northern District of Illinois, Eastern Division is appropriate.

3.      Venue is proper in this District pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## PARTIES

2

4.     Plaintiff Teamsters Local Union No. 727 Pension Fund ("Pension Fund") is a jointly-administered, multiemployer employee pension fund within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A). The Pension Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

5.     The Pension Fund is administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing retirement benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the pension plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104.  The Pension Fund receives contributions from employers that are parties to a collective bargaining agreement with the International Brotherhood of Teamsters Local Union No. 727 (the "Union").

6.     Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Pension Fund pursuant to the Pension Fund's Agreement and Declaration of Trust ("Pension Fund Trust Agreement").  *Exhibit A, Pension Fund Trust Agreement.*  The Pension Fund's Trustees are fiduciaries of the Pension Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Pension Fund's Trustees' business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

7.     Plaintiff Teamsters Local Union No. 727 Health & Welfare Fund ("Welfare Fund") is a jointly administered multiemployer welfare plan within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and

(37)(A). The Welfare Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

8.     The Welfare Fund is administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health care benefits to its participants and defraying the reasonable expenses of administering the welfare plan, in accordance with section 404 of ERISA, 29 U.S.C. §1104. The Welfare Fund receives contributions from employers that are parties to a collective bargaining agreement with the Union.

9.     Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Welfare Fund pursuant to the Welfare Fund's Agreement and Declaration of Trust ("Welfare Fund Trust Agreement").  *Exhibit B, Welfare Fund Trust Agreement.*  The Welfare Fund's Trustees are fiduciaries of the Welfare Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Pension Fund's Trustees' business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

10.     Plaintiff Teamsters Local Union No. 727 Legal & Educational Assistance Fund ("L&E Fund") is a jointly-administered, multiemployer employee benefit fund within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The L&E Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

11.     The L&E Fund is administered by a Board of Trustees ("L&E Trustees") and exists for the exclusive purpose of providing legal and educational assistance to its participants and

4

defraying the reasonable expenses of administering the L&E Fund, in accordance with section 404 of ERISA, 29 U.S.C. §1104.  The L&E Fund receives contributions from employers that are parties to a collective bargaining agreement with the Union.

12.     Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the L&E Fund pursuant to the L&E Fund's Agreement and Declaration of Trust ("L&E Fund Trust Agreement"), *Exhibit C, L&E Fund Trust Agreement*. The L&E Fund's Trustees are fiduciaries of the Plan as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  The L&E Fund's Trustees business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

13.     Defendant Evanston Funeral & Cremation, Inc. ("Evanston Funeral" or "Defendant") is an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a); and section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Defendant Evanston Funeral's principal place of business was 1726-A Central Street, Evanston, Illinois 60201.

## DEFENDANT'S CONTRACTUAL OBLIGATION

14.     On September 21, 2000, Defendant executed a Compliance Agreement with the Union and by its signature, Defendant agreed to be bound by the terms of the collective bargaining agreement ("CBA") between the Union and the Funeral Directors Services Association, including terms governing contributions to the Plaintiff Funds. *Exhibit D, Compliance Agreement; Exhibit E, 2012-2017 CBA; Exhibit F, 2017-2022 CBA.*

15.     Article 10 of both CBAs governs contributions to the Funds. Pursuant to the paragraphs 10.1 to 10.4 of the CBAs, the Defendant was required to make monthly contributions to the Funds per the terms set forth therein. *Exhibit E, pp. 12-15, Exhibit F, pp. 12-15.*

16.     It is the Funds' policy and practice to require employers to submit with their monthly contribution payments a remittance report form setting forth the identity of the employees for whom contributions are due and owing and the contribution amount owed for each employee.

17.     The respective Trust Agreements of the Pension Fund, the Welfare Fund, and the L&E Fund include a provision for the collection of delinquent contributions, which provision states as follows:

> The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection …

> The Trustees shall have the right to adopt rules and regulations relating to the collection of Employer Contributions, including provisions for the payment, collection of interest, audit fees, attorneys' fees at the rate set by the Trustees in their sole discretion, costs, and liquidated damages as specified in this Section.

*Exhibit A, p. 18; Exhibit B, p. 19-20; Exhibit C, p. 18-19.*

18.     Consistent with the Funds' respective Trust Agreements, the Trustees of each Fund adopted the following policy and procedure for the late payment of monthly contributions imposing interest, liquidated damages, audit fees, and attorney's fees and costs on delinquent contributions:

> If the employer does not make its payment by the 20th of the [second month following the month in which it was due], liquidated damages in the amount of 10% of the contribution owed will be added to the delinquency (5% for each month delinquent). In addition, interest at the rate of 0.75% per month of the delinquent contribution will continue to accrue with a minimum charge of $25.00 per month per Fund…

All payments by the employer on account of the delinquency shall also include all attorney's fees and costs associated with the collection of the delinquency, including the cost of the audit of the employer's payroll records and losses to the employees as a result of the delinquency and a result of any action taken to collect the delinquency.

*Exhibit G, Statement of Collection Procedures, Teamsters Local Union No. 727 Benefit Funds.*

19.     Additionally, the Funds' Collection Policy provides that should litigation be pursued to collect the contributions owed to the Funds, the employer shall be required to pay interest, liquidated damages, audit fees, attorneys' fees and costs.  *Id.*

## DEFENDANT'S UNPAID CONTRIBUTIONS TO THE FUNDS

20.     In November 2017, the Funds conducted a payroll audit of Defendant's books and records to determine whether Defendant paid the full amount of contributions owed to the Funds. The audit covered the period of January 1, 2015 through October 31, 2017 ("Audit Period").

21.     The payroll audit revealed that for the Audit Period, Defendant owes contributions to each of the Funds as follows:   $2,388.00 to the Pension Fund; $2,842.00 to the Welfare Fund; and $224.00 to the L&E Fund. *Exhibit H, Audit Report.*

22.     Pursuant to the Collection Procedures and the Trust Agreements, in addition to paying the contributions owed, Defendant is required to pay to each Plaintiff Fund corresponding interest, liquidated damages, audit fees, attorneys' fees and costs. Interest continues to accrue until the contributions are paid in full.

23.     In addition to the contributions found to be owed by the audit, Defendant has failed to pay interest and liquidated damages to each of the Plaintiff Funds for late-paid contributions relating to work performed from August 2017 through today's date.

7

## ERISA AND COMMON LAW ENFORCEMENT

24.     Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

25.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the Defendant, and (E) such other legal or equitable relief as the court deems appropriate."

26.     Plaintiff Funds are further entitled to interest and liquidated damages on late-paid contributions as required by the CBA, the respective Trust Agreements and the Funds' Collection Policy, in accordance with the federal common law of contract.

## COUNT I
## Unpaid Contributions- Pension Fund

27.     Plaintiffs incorporate by reference paragraphs 1 through 26 above as though fully set forth herein.

28.     Pursuant to the CBA between Defendant and the Union, Defendant was obligated to pay contributions to the Pension Fund.

8

29.    As of the date of the filing of the instant Complaint, Defendant owes delinquent contributions to the Pension Fund for the Audit Period in the amount of $2,388.00, plus interest and liquidated damages.

30.    Plaintiff Pension Fund has demanded payment of the contributions owed but Defendant has failed and/or refused to pay the contributions.

31.    The Pension Fund has been economically harmed by Defendant's failure to make contribution payments as required by the CBA and the Pension Fund Trust Agreement.

32.    Defendant's failure and refusal to pay contributions to the Pension Fund, as required by the CBA and Trust Agreement, violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the Pension Fund prays that the Court grant the following relief:

(a)    That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendant and that Defendant be ordered to pay all contributions owed to the Pension Plan, plus interest, liquidated damages, audit fees and attorney's fees and costs;

(b)    That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendant for any additional contribution amounts that may be found due and owing to the Pension Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs as mandated by ERISA; and

(c)    That the Court order such other relief that the Court deems just and appropriate.

## COUNT II
## Interest and Liquidated Damages for Late-Paid Contributions Under
## Federal Common Law – Plaintiff Pension Fund

33.     Plaintiffs incorporate by reference paragraphs 1 through 32 above as though fully set forth herein.

34.     Pursuant to the CBA and the Pension Fund Trust Agreement, Defendant is obligated to pay interest and liquidated damages to the Pension Fund for late-paid contributions.

35.      As of the date of the filing of the instant Complaint, Defendant owes interest and liquidated damages to the Pension Fund for late-paid contributions relating to work performed from August 2017 through today's date.

36.     Plaintiff Pension Fund has demanded payment of the interest and contributions owed but Defendant has failed and/or refused to pay.

37.     The Pension Fund has been economically harmed by Defendant's failure to pay interest and liquidated damages as required by the CBA and the Pension Fund Trust Agreement.

38.     Defendant's failure and refusal to pay interest and liquidated damages that Defendant incurred, constitutes a violation of the CBA and the Pension Fund Trust Agreement.

**WHEREFORE,** the Pension Fund prays that the Court grant the following relief:

(a)     That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendant, and that Defendant be ordered to pay all interest and liquidated damages owed for late-paid contributions;

(b)     That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendant for any additional interest and liquidated damages that may be found due and owing to the Pension Fund during the pendency of this litigation; and

(c)     That the Court order such other relief that the Court deems just and appropriate.

**COUNT III**
**Unpaid Contributions – Plaintiff Welfare Fund**

39.     Plaintiffs incorporate by reference paragraphs 1 through 38 above as though fully set forth herein.

40.     Pursuant to the CBA between Defendant and the Union, Defendant is obligated to pay contributions to the Welfare Fund.

41.      As of the date of the filing of the instant Complaint, Defendant owes delinquent contributions to the Welfare Fund for Audit Period in the amount of $2,842.00, plus interest and liquidated damages.

42.     Plaintiff Welfare Fund has demanded payment of the contributions owed but Defendant has failed and/or refused to pay the contributions.

43.     The Welfare Fund has been economically harmed by Defendant's failure to make contribution payments as required by the CBA and the Welfare Fund Trust Agreement.

44.     Defendant's failure and refusal to pay contributions to the Welfare Fund, as required in the CBAs violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the Welfare Fund prays that the Court grant the following relief:

(a)     That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendant and that Defendant be ordered to pay all contributions owed to the Welfare Fund, plus interest, liquidated damages, audit fees and attorney's fees and costs;

(b)     That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendant for any additional contribution amounts that may be found due and owing to the Welfare

Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs as mandated by ERISA; and

(c)     That the Court order such other relief that the Court deems just and appropriate.

## COUNT IV
### Interest and Liquidated Damages for Late-Paid Contributions Under
### Federal Common Law – Plaintiff Welfare Fund

45.     Plaintiffs incorporate by reference paragraphs 1 through 44 above as though fully set forth herein.

46.     Pursuant to the CBA and Welfare Fund Trust Agreement, Defendant is obligated to pay interest and liquidated damages to the Welfare Fund for late-paid contributions.

47.      As of the date of the filing of the instant Complaint, Defendant owes interest and liquidated damages to the Welfare Fund for late-paid contributions relating to work performed from August 2017 through today's date.

48.     Plaintiff Welfare Fund has demanded payment of the interest and liquidated damages owed but Defendant has failed and/or refused to pay.

49.     The Welfare Fund has been economically harmed by Defendant's failure to pay interest and liquidated damages as required by the CBA and the Welfare Fund Trust Agreement.

50.     Defendant's failure and refusal to pay interest and liquidated damages that Defendant incurred, constitutes a violation of the CBA and the Welfare Fund Trust Agreement.

**WHEREFORE,** the Welfare Fund prays that the Court grant the following relief:

(a)     That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendant and that Defendant be ordered to pay all interest and liquidated damages for late-paid contributions;

(b)     That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendant for any additional interest and liquidated damages that may be found due and owing to the Welfare Fund during the pendency of this litigation; and

(c)     That the Court order such other relief that the Court deems just and appropriate.

**COUNT V**
**Unpaid Contributions – Plaintiff L&E Fund**

51.     Plaintiffs incorporate by reference paragraphs 1 through 50 above as though fully set forth herein.

52.     Pursuant to the CBA between Defendant and the Union, Defendant is obligated to pay contributions to the L&E Fund.

53.     As of the date of the filing of the instant Complaint, Defendant owes delinquent contributions to the L&E Fund for the Audit Period in the amount of $224.00, plus interest and liquidated damages.

54.     Plaintiff L&E Fund has demanded payment of the contributions owed but Defendant has failed and/or refused to pay the contributions.

55.     The L&E Fund has been economically harmed by Defendant's failure to make contribution payments as required by the CBA and the L&E Fund Trust Agreement.

56.     Defendant's failure and refusal to pay contributions to the L&E Fund, as required in the CBA violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the L&E Fund prays that the Court grant the following relief:

(a)     That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendant and that Defendants be ordered to pay all contributions owed to the L&E Plan, plus interest, liquidated damages, audit fees and attorney's fees and costs;

13

(b)     That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendants for any additional contribution amounts that may be found due and owing to the L&E Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs as mandated by ERISA; and

(c)     That the Court order such other relief that the Court deems just and appropriate.

**COUNT VI**
**Interest and Liquidated Damages for Late-Paid Contributions Under**
**Federal Common Law – Plaintiff L&E Fund**

57.     Plaintiffs incorporate by reference paragraphs 1 through 56 above as though fully set forth herein.

58.     Pursuant to the CBA and L&E Fund Trust Agreement, Defendant is obligated to pay interest and liquidated damages to the L&E Fund for late-paid contributions.

59.      As of the date of the filing of the instant Complaint, Defendant owes interest and liquidated damages to the L&E Fund for late-paid contributions relating to work performed from August 2017 to today's date.

60.     Plaintiff L&E Fund has demanded payment of the interest and liquidated damages owed but Defendant has failed and/or refused to pay.

61.     The L&E Fund has been economically harmed by Defendant's failure to pay interest and liquidated damages as required by the CBA and the L&E Fund Trust Agreement.

62.     Defendant's failure and refusal to pay interest and liquidated damages that incurred, constitutes a violation of the CBA and the L&E Fund Trust Agreement.

**WHEREFORE,** the L&E Fund prays that the Court grant the following relief:

14

(a)    That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendant and that Defendant be ordered to pay all interest and liquidated damages for late-paid contributions;

(b)    That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendants for any additional interest and liquidated damages that may be found due and owing to the L&E Fund during the pendency of this litigation; and

(c)    That the Court order such other relief that the Court deems just and appropriate.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

  s/ Linda M. Martin
LINDA M. MARTIN, ESQUIRE
*Lead Counsel*
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office          (215) 656-3665
Facsimile      (215) 561-5135
Email          lmartin@wwdlaw.com

ILLINOIS ADVOCATES, LLC

  s/  Cara M Anthaney
CARA M. ANTHANEY, ESQUIRE
77 W. Washington Street, Suite 2120
Chicago, IL  60602
Office          (312) 346-2052
Facsimile      (312) 492-4804
Email   cara.anthaney@iladvocates.com

*Counsel to Plaintiffs Teamsters Local Union No.*
*727 Pension Fund, Teamsters Local Union No. 727*
*Welfare Fund, Teamsters Local Union No. 727,*
*L&E Fund, PILMC, and their Boards of Trustees*

15

Dated:  July 26, 2018

## CERTIFICATE OF SERVICE

I, Cara Anthaney, Esquire, hereby certify that I have this 26th day of July, 2018

forwarded a copy of the Complaint and exhibits in the foregoing matter to the persons listed below,

by certified mail, postage prepaid, United States Postal Service:

R. Alexander Acosta, Secretary
U.S. Department of Labor
Office of Public Affairs
200 Constitution Ave., N.W.
Room S-1032
Washington, DC 20210


Steven Terner Mnuchi, Secretary
United States Department of Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220


_____s/___Cara Anthaney
CARA ANTHANEY, ESQUIRE

Dated: July 26, 2018

17